

NIXON PEABODY

ATTORNEYS AT LAW
NIXONPEABODY.COM
@NIXONPEABODYLLP

Christopher G. Gegwich
*Partner*
T 516-832-7606
cgegwich@nixonpeabody.com

50 Jericho Quadrangle
Suite 300
Jericho, NY 11753-2728
516-832-7500

**VIA ECF AND HAND DELIVERY**   July 3, 2017

Honorable Naomi R. Buchwald, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

  RE: **Dr. Chinwe Offor v. Mercy Medical Center, et al., 17 Civ. 1872 (NRB)**

Dear Judge Buchwald:

  This firm represents defendants Mercy Medical Center ("MMC"), Catholic Health Services of Long Island, Inc. ("CHSLI"), Swarna Devarajan, M.D. and John Reilly, M.D. (the "MMC Defendants") in connection with the above-referenced matter. In accordance with Your Honor's Individual Practices, we write to request a pre-motion conference to address the MMC Defendants' anticipated motions to dismiss plaintiff Chinwe Offor, M.D.'s ("Plaintiff") Complaint and Jury Trial Demand,[1] to seal the Complaint and for sanctions.

  Plaintiff worked for MMC in its Neonatal Intensive Care Unit until her separation from employment for performance-related reasons on August 21, 2014. In this particular lawsuit, Plaintiff asserts a number of state law tort claims sounding in defamation and intentional and negligent infliction of emotional distress. Unrelated to any of her tort claims, Plaintiff's Complaint details circumstances relating to medical care that she – and other physicians working at MMC – provided to MMC's infant patient population during her employment.

  For all of the reasons that follow, the Complaint should be dismissed because this Court lacks subject matter jurisdiction and every one of Plaintiff's causes of action are either untimely, barred by privilege and immunities or fail to state a plausible claim. In addition, given the presence of patient-related information in the Complaint which should not be subject to public disclosure pursuant to HIPAA, it should be filed under seal and replaced with a redacted version. Given that Plaintiff brought many of these same frivolous and untimely state law claims in her lawsuit currently pending in the United States District Court for the Eastern District of New York (15-cv-2219) and in light of the fact that she, and her counsel, were previously sanctioned for her inclusion of patient information in the pleadings in that action, the MMC Defendants should be permitted to file a motion seeking sanctions due to Plaintiff's public filing of patient information and pursuit of patently untimely and frivolous claims.

---

[1] A copy of Plaintiff's Complaint and Jury Trial Demand ("Complaint" or "Comp.") is attached hereto at Exhibit "A". Given patient confidentiality and Health Insurance Portability and Accountability Act of 1996 ("HIPAA") concerns, certain paragraphs of the Complaint and portions of the exhibit have been redacted.

4833-7694-4436.1

MMC Defendants' Motion to Dismiss

First and foremost, Plaintiff's Complaint should be dismissed as against the MMC Defendants for lack of subject matter jurisdiction because it contains no federal claims nor does it set forth any basis for diversity jurisdiction. In the Complaint, Plaintiff predicates federal court jurisdiction over the claims alleged against MMC and CHSLI based on the fact that they are corporations or organizations "existing under and by virtue of the laws of the State of New York." (Comp. ¶ 2). With respect to the individual defendants, Plaintiff asserts that this Court has jurisdiction over them because they are employees of MMC and CHSLI and "work in the State of New York." (Id. ¶ 3). Without a federal question or diversity, this Court does not have subject matter jurisdiction over the claims asserted by Plaintiff against the MMC Defendants, warranting dismissal of the Complaint as against them. See Mackey v. United States Dept. of Justice, 2017 U.S. Dist. LEXIS 13377, at *10 (E.D.N.Y. Jan. 30, 2017) (dismissing action where plaintiff failed to establish either federal question or diversity of citizenship).

Even if this Court had jurisdiction, dismissal of the Complaint would nonetheless be warranted because every one of Plaintiff's causes of action fail to state a plausible claim.[2] Plaintiff's First Cause of Action for defamation is based on a number of purported writings and statements which were allegedly made between September 2014 and January 2016. (Comp. ¶¶ 7-11). As such, given the one year statute of limitations for a defamation claim and Plaintiff's filing of this action on March 14, 2017, not one of those alleged writings or statements can support a timely claim. See Allen v. Antal, 2016 U.S. App. LEXIS 22165, at *7 (2d Cir. Jan. 14, 2016) ("An action for libel or slander under New York law must be brought within one year from the date the offending material is first published."). Moreover, Plaintiff's defamation claim fails because the Complaint does not identify the speaker, the exact words spoken or to whom the statements were allegedly made. See Krezesaj v. NYC Dept. of Educ., 2017 U.S. Dist. LEXIS 37543, at *39 (S.D.N.Y. Mar. 15, 2017). Finally, any alleged statements or writings to the National Practitioner Data Bank or the Office of Professional Medical Conduct cannot give rise to a defamation claim due to the common interest privilege and statutory immunity pursuant to the Health Care Quality Improvement Act, the New York Education Law and the New York Public Health Law. See Hooda v. W.C.A. Serv. Corp., 2013 U.S. Dist. LEXIS 71809, at *14 (W.D.N.Y.), adopted by 2013 U.S. Dist. LEXIS 70907 (W.D.N.Y. May 17, 2013).

Since every factual allegation in Plaintiff's Complaint occurred before March 13, 2016, Plaintiff's Second Cause of Action for intentional infliction of emotional distress ("IIED") is barred by the one year statute of limitations. See Pierre v. Lantern Grp. Found., 2016 U.S. Dist. LEXIS 80079, at *7-8 (S.D.N.Y. June 20, 2016). Even if timely, the allegations in the Complaint are not sufficiently egregious to support an IIED cause of action. See Bailey v. New York Law Sch., 2017 U.S. Dist. LEXIS 29653, at *26-28 (S.D.N.Y. Mar. 1, 2017). Similarly, Plaintiff's Third Cause of Action for negligent infliction of emotional distress ("NIED") fails, as a matter of law, in the absence of a special duty between Plaintiff and the MMC Defendants or any allegation that the MMC Defendants' conduct put her in fear for her physical safety. See

---

[2] Plaintiff has a nearly identical litigation pending in the Supreme Court of the State of New York, County of New York, and copies of the Complaint, appropriately redacted, and the MMC Defendants' recently filed memorandum of law in support of their motion to dismiss are attached hereto at Exhibits "B" & "C".

Dava v. City of N.Y., 2016 U.S. Dist. LEXIS 115639, at *34 (S.D.N.Y. Aug. 29, 2016). Among other grounds for dismissal, Plaintiff's Complaint fails to allege any plausible claims as against the MMC Defendants and, as a result, this action should not be permitted to proceed.

MMC Defendants' Motion to Seal

Generally, HIPAA prohibits the disclosure of protected health information to third parties unless permitted or authorized under the applicable regulations. The HIPAA regulations contain a "Safe Harbor" provision, which permits the use and disclosure of de-identified health information, under certain circumstances, because such information falls outside the definition of "individually identifiable health information" under the regulations. See 45 C.F.R. § 164.514(a). In paragraphs 42 to 73 of the Complaint, Plaintiff details the care and treatment of numerous MMC infant patients which has not been properly de-identified pursuant to HIPAA. Indeed, the Complaint makes numerous references to treatment dates, names of treating physicians and specific details regarding MMC patients' diagnoses, medical conditions and details concerning the medical care provided to MMC's patients. In fact, the Honorable Arthur D. Spatt, U.S.D.J. sealed and struck portions of Plaintiff's pleadings in the EDNY action, which contained nearly the same exact allegations present in the Complaint in this action. (Exhibit "D"). Given the foregoing, the MMC Defendants should be permitted to move to seal Plaintiff's Complaint, and its exhibit, and replace them with the redacted versions attached to this letter at Exhibit "A".

MMC Defendants' Motion for Sanctions

In accordance with Rule 11 of the Federal Rules of Civil Procedure, the MMC Defendants sent a letter to Plaintiff's counsel on June 8, 2017, notifying him of the need to file the Complaint under seal, educating him as to the patent frivolousness of his client's claims and giving him until June 30, 2017 to rectify and remedy these issues.[3] In light of the failure by Plaintiff or her counsel to file the Complaint under seal and withdraw this action, the MMC Defendants seek permission to file a motion for sanctions based on their patently frivolous conduct. Indeed, Plaintiff and her counsel were previously sanctioned by Judge Spatt in the EDNY action for this exact same conduct (Exhibit "F") and given the prior motion practice in the EDNY and state court actions and the MMC Defendants' Rule 11 letter, Plaintiff's pursuit of clearly time-barred, jurisdictionally lacking and/or otherwise meritless claims for defamation, IIED and NIED constitutes frivolous and sanctionable conduct.

Based on the foregoing, the MMC Defendants respectfully request a pre-motion conference in advance of their anticipated motions to dismiss, to seal the Complaint and for sanctions.

Respectfully submitted,

Christopher G. Gegwich

cc: Ike Agwuegbo, Esq. (via ECF)

---

[3] A copy of the MMC Defendants' June 8, 2017 Rule 11 letter, without exhibits, is attached hereto at Exhibit "E".

4833-7694-4436.1