```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
DR. CHINWE OFFOR,

                Plaintiff,
                                                    MEMORANDUM AND
        - against -                                      ORDER

MERCY MEDICAL CENTER, CATHOLIC HEALTH                17 Civ. 1872 (NRB)
SERVICES OF LONG ISLAND, DR. SWARNA
DEVARAJAN, DR. JOHN REILLY, and U.S.
DEPARTMENT OF HEALTH AND HUMAN SERVICES,

                Defendants.
------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Pending is defendants Mercy Medical Center, Catholic Health Services of Long Island, Dr. Swarna Devarajan, and Dr. John Reilly's (the "Mercy defendants") motion for sanctions against plaintiff Dr. Chinwe Offor and her counsel, Ike E. Agwuegbo. The Mercy defendants assert that Offor and Agwuegbo unnecessarily, and in bad faith, (1) refused to seek leave to seal and redact their pleadings in this action despite being ordered to do so in related proceedings, and then (2) opposed the Mercy defendants' own motion for leave despite repeated assurances to the contrary. As explained *infra*, we find Agwuegbo's conduct to be sanctionable, and direct him to pay the Mercy defendants $2,500 in attorneys' fees.

1

## I. BACKGROUND

Offor, acting through Agwuegbo, has brought similar lawsuits against the Mercy defendants in the United States District Court for the Eastern District of New York, the New York State Supreme Court, and in this Court arising out of her August 2014 termination from Mercy Medical Center ("MMC").

In March 2016, the court presiding over Offor's action in the Eastern District, Judge Spatt, granted the Mercy defendants' motion to seal and redact a section of her complaint entitled "Quality of Care Issues at Mercy Medical Center" (the "Quality of Care section"), which contained a plethora of allegations of patient mismanagement at MMC. See Offor v. Mercy Med. Ctr., 167 F. Supp. 3d 414, 444-47 (E.D.N.Y. 2016), aff'd in part, vacated in other part, and remanded, 676 F. App'x 51 (2d Cir. 2017) (summary order). Sealing and redacting was warranted, the Court found, because the Quality of Care section and related exhibits' inclusion of "medical record numbers, treatment dates, partial addresses of patients, the names of treating physicians, and details concerning patients' medical conditions and care" ran afoul of, *inter alia*, the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936, and accompanying regulations. Id. Judge Spatt later granted the Mercy defendants' motion for "a sanction in the amount of reasonable attorneys' fees and costs

expended by [them] in connection with the filing of the motion to seal" and the motion for sanctions itself. Offor v. Mercy Med. Ctr., No. 15-cv-2219 (ADS)(SIL), 2016 WL 3566217, at *5 (E.D.N.Y. June 25, 2016), aff'd, 698 F. App'x 11 (2d Cir. 2017) (summary order).[1]

Undeterred, Agwuegbo proceeded to file a complaint and amended complaint in this action, as well pleadings in Supreme Court, each of which contained its own Quality of Care section. See Defs.' Sealing Mot. Exs. A, B, E, F, G, H, I, J, K, L, M, Apr. 30, 2018, ECF No. 49. While the inclusion of sensitive medical information in these pleadings was not as abundant as in the Eastern District action, the Quality of Care sections still listed a variety of patients' treatment dates and locations.

In November 2017, on the Mercy defendants' motion, the Supreme Court, Justice Schecter, directed Offor's pleadings therein to be sealed, and ordered Offor and Agwuegbo to re-file versions in

---

[1] Offor cross-moved for sanctions against the Mercy defendants and their counsel, Nixon Peabody, contending "that the [Equal Employment Opportunity Commission] is in collusion with Nixon Peabody to prevent the Plaintiff from obtaining discovery related to her discrimination claims." Offor, 2016 WL 3566217, at *5. Finding these contentions "to be wholly unsupported, speculative, and without any legal basis," the court denied her cross-motion. Id. Offor and Agwuegbo appealed. In an October 2017 opinion, the Second Circuit dismissed the appeal to the extent Offor and Agwuegbo challenged the decision to grant the Mercy defendants' motion since the District Court had yet to determine the amount of attorneys' fees to be awarded, such that the Circuit was without jurisdiction. See Offor v. Mercy Med. Ctr., 698 F. App'x 11, 12 & n.2 (2d Cir. 2017) (summary order). The denial of Offor's cross-motion for sanctions, however, was affirmed. See id. at 13.

3

accordance with redactions she emailed to the parties' counsel.[2]
See id. Ex. N. "Following Justice Schecter's November 13, 2017
[O]rder, Plaintiff consented to making a few additional redactions
to the pleadings in the State Court Action and is currently in the
process of correcting the . . . pleadings in that action." Id.
at 3.

As the pleadings in the Supreme Court action and this action
are substantially similar, the Mercy defendants' counsel, Nixon
Peabody, thereafter requested that Agwuegbo seek leave from this
Court to (1) seal Offor's complaint and amended complaint in this
action, and (2) replace those pleadings with versions containing
the redactions the Supreme Court ordered and to which the parties
agreed. See Defs.' Sanctions Mot. Ex. A, at 10-11, May 11, 2018,
ECF No. 51. Agwuegbo refused to do so, writing in an April 1,
2018 email that "Plaintiff **WILL NOT** be filing a motion in this
regard." Id. Ex. A., at 5-6. But Agwuegbo thrice assured Nixon
Peabody that he would not oppose such a motion if brought by the
Mercy defendants. In the same April 1 email, Agwuegbo wrote,
"Plaintiff, in order to reach a good faith compromise in the
matter, has agreed to consent (upon your motion) to redactions
similar those ordered by Hon. Judge Schecter in the State action."

---

[2] The Supreme Court, without explanation, declined to sanction Offor or Agwuegbo for filing unredacted materials in the first instance. See Defs.' Sealing Mot. Ex. N.

Id. Ex. A, at 5 (emphasis added). He had previously written, in a March 18 email, "regarding the SDNY action, please be advised that I will not oppose your motion to redact the same material from the amended Complaint in light of the ruling of Honorable Jennifer C. Schecter, J.S.C.," and later, in an April 3 email, "I will not oppose a motion filed by the Defendants seeking the redaction of the same materials ordered redacted by Judge Schecter." Id. Ex. A, at 4, 9.

The Mercy defendants proceeded to seek leave from this Court to seal Offor's pleadings and replace them with redacted versions, representing in their submission that they had received Agwuegbo's consent to do so. See Defs.' Sealing Mot. But then Agwuegbo inexplicably, and in direct contradiction of his prior representations, filed a brief in opposition to the Mercy defendants' motion. See Pl.'s Sealing Opp'n, May 4, 2018, ECF No. 50. And, for no apparent reason, Agwuegbo attached to his publicly filed brief copies of the very materials the Mercy defendants proposed to seal, in which the proposed redactions were highlighted. See id. Ex. 1.

The Mercy defendants thereafter filed a reply brief responding to Agwuegbo's unexpected opposition, in which they also moved to seal the attachments thereto. See Defs.' Sanctions Mot.

5

at 4. This Court thereafter granted both sealing motions. See Order, May 15, 2018, ECF No. 55; Order, May 14, 2018, ECF No. 52.

In a May 11, 2018 letter, the Mercy defendants moved for sanctions, pursuant to 28 U.S.C. § 1927 and this Court's inherent power, against Offor and Agwuegbo. See id. at 4-5. Their motion seeks "the attorneys' fees and costs they incurred in connection with their efforts to seal the pleadings in this action." Id. at 5. On May 31, 2018, this Court ordered Offor and Agwuegbo to "show cause why they should not be sanctioned for the conduct described *supra* pursuant to 28 U.S.C. § 1927 and this Court's inherent authority." Order at 4, May 31, 2018, ECF No. 57.

In response, Agwuegbo filed a declaration and memorandum of law in opposition to the contemplated sanctions. See Declaration of Ike Agwuegbo ("Agwuegbo Decl."), June 8, 2018, ECF No. 59; Pl.'s Sanctions Opp'n, June 8, 2018, ECF No. 59-3. In addition to several arguments against the imposition of sanctions which we discuss *infra*, the submission contains a variety of irrelevant arguments and assertions, to which we need not respond. First, Agwuegbo accuses Judge Spatt of using his "sanctions powers to try to assist the Defendants in stifling the Plaintiff's prosecution of her case at the EDNY," and the "entire Judicial machinery at the Eastern District of New York [as] working in tandem to assist [Nixon Peabody] in getting the Plaintiff's Appeal at the Second

6

Circuit dismissed."[3]  Agwuegbo Decl. ¶¶ 6, 10; see id. ¶¶ 7-9; Pl.'s Sanctions Opp'n at 4-6.  Second, Agwuegbo suggests that "the quest for Sanctions against the Plaintiff and her Pro bono Counsel by [Nixon Peabody] is to financially throttle the Plaintiff and intimidate her from fighting the glaring injustice represented in this case."  Agwuegbo Decl. ¶ 11; see id. ¶¶ 12-15; Pl.'s Sanctions Opp'n at 8-9.  Finally, Agwuegbo makes a variety of arguments about the merits of Offor's underlying claims in this action, which we previously rejected in dismissing her first amended complaint.  See Agwuegbo Decl. ¶¶ 3-5, 21-23; Pl.'s Sanctions Opp'n at 3-4; Offor v. Mercy Med. Ctr., No. 17 Civ. 1872 (NRB), 2018 WL 2947971 (S.D.N.Y. May 31, 2018).[4]

---

[3] These baseless allegations likely run afoul of Rule 8.2(a) of the New York State Rules of Professional Conduct, which proscribes "knowingly mak[ing] a false statement of fact concerning the qualifications, conduct or integrity of a judge or other adjudicatory officer."  N.Y. Comp. Codes R. & Regs. tit. 12, § 1200 (2018); see S.D.N.Y. Local Rule 1.5(b)(5) (adopting the New York State Rules of Professional Conduct "in connection with activities in" the Southern District of New York).

[4] Agwuegbo requested an evidentiary hearing prior to the imposition of sanctions, citing authority from the Eleventh Circuit for the proposition that "an attorney threatened with sanctions under § 1927 is entitled to a hearing." Pl.'s Sanctions Opp'n at 10 (citing Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1242 (11th Cir. 2007)).  "An evidentiary hearing serves as a forum for finding facts; as such, its need can be obviated where there is no disputed question of fact or when sanctions are based entirely on an established record." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 335 (2d Cir. 1999). Here, the only factual issues Agwuegbo asserts relate to (1) the merits of plaintiff's claims, which have already been dismissed, and (2) the propriety of parallel proceedings in the Eastern District.  As those factual issues are irrelevant to whether sanctions are justified in this litigation, and because there is a full paper record, we conclude that no evidentiary hearing is necessary.

7

## II. DISCUSSION

Under 28 U.S.C. § 1927, a court may require any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously . . . to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[5] The Second Circuit has interpreted Section 1927 as authorizing the imposition of sanctions "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose," and upon "a finding of conduct constituting or akin to bad faith." Gollomp v. Spitzer, 568 F.3d 355, 368 (2d Cir. 2009) (internal quotation marks omitted) (quoting In re 60 E 80th St. Equities, Inc., 218 F.3d 109, 115 (2d Cir. 2000)); see THOIP (a Chorion Ltd. Co.) v. Walt Disney Co., No. 08 Civ. 6823(SAS), 2009 WL 125074, at *4 (S.D.N.Y. Jan. 20, 2009) (finding bad faith and awarding attorneys' fees when, after having been timely notified of a conflict of interest by opposing counsel and the court, counsel delayed voluntary withdrawal until the filing date of a motion for disqualification, causing opposing counsel to incur unnecessary costs). Agwuegbo's conduct satisfies this standard.

---

[5] We find it unnecessary to rely upon our inherent power as Agwuegbo's misconduct falls squarely within Section 1927's ambit.

First, Agwuegbo wrongfully refused to move to seal and redact his pleadings in this action, forcing the Mercy defendants to bear the cost of doing so.

By the time Agwuegbo filed both the initial and amended complaints in this action, he had not only been ordered to seal and redact similar pleadings in plaintiff's action in the Eastern District, see Offor, 167 F. Supp. 3d at 446, but had also been sanctioned for his initial failure to do so, see Offor, 2016 WL 3566217, at *3-5; see also In re Hartford Litig. Cases, 642 F. App'x 733, 736-37 (9th Cir. 2016) (summary order) (finding relevant to the bad faith determination that the sanctioned attorney had previously been sanctioned for similar conduct); Fallin v. Baltimore County, No. 97-2425, 1999 WL 753992, at *1 (4th Cir. Sept. 23, 1999) (same). Further, by the time the Mercy defendants requested that Agwuegbo seek leave from this Court to seal and redact plaintiff's pleadings, yet another court, the New York Supreme Court, had weighed in, also ordering him to redact similar pleadings. See Defs.' Sealing Mot. Ex. N. Given that Agwuegbo had been made aware of his obligation to file sensitive medical information under seal—well before he filed the pleadings in this action—we can think of no legitimate reason for him to have refused to carry the burden of seeking leave from this Court. Nor, apparently, can Agwuegbo, whose brief and declaration in

9

opposition to the Mercy defendants' sanctions motion do not even address his refusal to seek leave, much less provide any colorable arguments or explanations for his decision in that regard. Cf. Purisima v. Xilai, No. 11-CV-5523 (NGG)(LB), 2012 WL 293772, at *2 (E.D.N.Y. Jan. 31, 2012) (finding relevant the sanctioned plaintiff's failure to address concerns raised in an order to show cause).

Second, Agwuegbo falsely represented not once, not twice, but three times that he would not oppose the Mercy defendants' motion to seal and redact the complaint and amended complaint. In doing so, Agwuegbo not only directly misled his adversary, but also, given the Mercy defendants' representation to this Court that their motion was unopposed, indirectly misled this Court. Defs.' Sealing Mot. at 1 ("Plaintiff consents to the [Mercy d]efendants' motion."); id. Ex. P (attaching copies of Agwuegbo's emails to Nixon Peabody misrepresenting his consent to their sealing motion); see Mason Agency Ltd. v. Eastwind Hellas SA, No. 09 Civ. 6474(DLC), 2009 WL 3169567, at *2 (S.D.N.Y. Sept. 29, 2009) ("The rules of professional responsibility . . . impose upon attorneys a duty of candor in all representations they make before a tribunal."). Such intentional misrepresentations are the epitome of bad faith.

Agwuegbo, however, suggests that it was wrong for the Mercy defendants to assume on the basis of his representations that he had consented to their motion. This is so, he explains, because "[Nixon Peabody] should have brought [sic] a stipulation in accordance with the agreement of the parties." Agwuegbo Decl. ¶ 18; see id. (Nixon Peabody "on the strength of our earlier agreement did not need to file a motion to seal."). This argument is highly ironic. In emails on May 4 and May 7, 2018, Nixon Peabody demanded an explanation from Agwuegbo as to why, in light of his prior representations, he opposed the Mercy defendants' motion. See Pl.'s Sanctions Mot. Ex. A, at 1-3. Agwuegbo replied, "I do not believe that we had an agreement. The exchange you refer to merely shows that there was an offer, followed by a counter offer. Thus, the parties did not agree." Id. Ex. A, at 1 (emphasis added). For Agwuegbo now to argue that the "strength" of the "agreement" warranted a stipulation is disingenuous. In any event, Agwuegbo's suggestion that Nixon Peabody was somehow obligated to prepare a joint stipulation—yet an additional burden he seeks to shift to opposing counsel—is meritless. Counsel is entitled to rely upon the factual representations of his adversary, particularly where, as here, the representations were repeated, clear, and unequivocal.[6] Cf. Glob. Switching Inc. v. Kasper, No.

---

[6] Agwuegbo's explanation to Nixon Peabody for why he opposed the Mercy

11

CV 06 412(CPS), 2006 WL 1800001, at *14 (E.D.N.Y. June 29, 2006) ("[I]t is reasonable where . . . the adversary is in sole possession of certain factual information, and it would be difficult or impossible to verify the information, for a plaintiff to rely on factual representations by an adversary.").

Third, the sealing opposition brief Agwuegbo filed, to which the Mercy defendants were thereby compelled to incur additional costs to reply, was completely unnecessary and advanced no meaningful arguments. A significant majority of his two and a half page brief is dedicated to setting forth the general standards for sealing, with only two citations to controlling authority. See Pl.'s Sealing Mot. at 1-2. The remainder of the brief incorrectly asserts (1) that "Defendants ha[d] not articulated any injury that would justify the sealing of the docket and restriction from public view," and (2) that the Supreme Court had "reject[ed]" the Mercy defendants' "similar arguments" in favor of sealing and

---

defendants' motion went on to state that "[i]n any event, your letter motion not only sought to seal, but failed to define the scope of redactions to be made." Defs.' Sanctions Mot. Ex. A, at 1. That statement is demonstrably false. The Mercy defendants' sealing motion attached as exhibits the precise redactions which they sought to be ordered. See Defs.' Sealing Mot. Exs. A, B, E, F, G, H, I, J, K, L.

12

redacting plaintiff's "similar" pleadings in that action. Id. at 2-3.

Agwuegbo offers two baseless explanations for why filing an opposition brief was necessary.

First, Agwuegbo suggests that the Mercy defendants "sought to revisit through [their sealing] Motion, arguments canvassed in [their] Motion to Dismiss, cleverly, craftfully [sic] forcing the hand of the Plaintiff's Attorney to respond." Pl.'s Sanctions Opp'n at 7. We disagree. Agwuegbo is presumably referring to two sentences of the Mercy defendants' five page brief that summarize their arguments on the motion to dismiss, to wit, that the Mercy defendants were not state actors and, as such, that plaintiff could not state a claim under § 1983. See Defs.' Sealing Mot. at 2. These two sentences, found in the brief's "Background and Procedural History" section, were clearly an effort to provide context for this Court, not to reargue the merits. Indeed, the very next sentence advised that the Mercy defendants' motion to dismiss had already "been fully briefed." Id. Regardless, the assertion that Agwuegbo was somehow "forced" to respond to the Mercy defendants' "arguments" on the merits is baseless because Agwuegbo did not respond to those "arguments."[7] Indeed, the

---

[7] It is not lost on this Court that Agwuegbo accuses the Mercy defendants of improperly raising merits arguments in their sealing motion whilst simultaneously making inapposite merits arguments in his own brief and

brief's only mention of the merits of plaintiff's claims is a single sentence, not responsive to the Mercy defendants' motion: "[T]he main thrust of the Plaintiff's Complaint against the Defendants is the flagrant violation of her basic civil rights guaranteed by the fifth and fourteenth Amendments to the Constitution."  Pl.'s Sealing Opp'n at 3.

Next, Agwuegbo argues that a response was necessary because the Mercy defendants sought to redact more material in plaintiff's pleadings in this Court than had been ordered, and to which the parties had agreed, in Supreme Court.  See Agwuegbo Decl. ¶ 16.  Relatedly, he explains that the reason he attached a highlighted copy of the redactions the Supreme Court ordered was to demonstrate the extent to which the Mercy defendants were seeking additional redactions.  Id. ¶ 17; Pl.'s Sanctions Opp'n at 8.  That argument fails.  Nowhere in his sealing opposition did Agwuegbo argue that the redactions sought were in addition to those the Supreme Court imposed and to which the parties had agreed.  On the contrary, the brief "urge[d] the Court to reject the motion to Seal in its entirety."  Pl.'s Sealing Opp'n at 3.  Further, even if he had made such an argument, necessitating a comparison between the redactions ordered and agreed to on the one hand, and those the Mercy defendants sought in this Court on the other, it would still

---

declaration in opposition to sanctions.  See *supra*.

have been improper for him to publicly file the former *sans* redactions, as he did.

Thus, we conclude that Agwuegbo's refusal to seek leave from this Court to seal and redact his pleadings, as well as his unexpected opposition to the Mercy defendants' motion to do so, was entirely in bad faith. Accordingly, we sanction Agwuegbo for his misconduct under 28 U.S.C. § 1927.

On the other hand, there is no basis in the record on which to sanction Offor. There is no suggestion that Offor, rather than Agwuegbo, was responsible for including sensitive medical information in her pleadings in this action in the first instance, or that she directed Agwuegbo to refuse to seek leave in this Court to seal and redact her pleadings, or to oppose the Mercy defendants' motion to do so. Moreover, it was Agwuegbo, not Offor, who represented to the Mercy defendants' counsel that their motion would be unopposed. See Defs.' Sanctions Mot. Ex. A, at 4 ("I will not oppose a motion filed by the Defendants seeking the redaction of the same materials ordered redacted by Judge Schecter." (emphasis added)); 9 ("I will not oppose your motion to redact the same material from the amended Complaint." (emphasis added)).

The only issue remaining, then, is fashioning the proper sanction for Agwuegbo's misconduct. "District courts are given

15

broad discretion in tailoring appropriate and reasonable sanctions." SEC v. Smith, 710 F.3d 87, 98 (2d Cir. 2013) (quoting O'Malley v. N.Y.C. Transit Auth., 896 F.2d 704, 709 (2d Cir. 1990)). Sanctions "should be the minimum needed to deter plaintiff['s] counsel's conduct without over-punishing him." Pentagen Techs. Int'l Ltd. v. United States, 172 F. Supp. 2d 464, 474 (S.D.N.Y. 2001) (citing Eastway Const. Corp. v. City of New York, 821 F.2d 121, 123 (2d Cir. 1987)), aff'd, 63 F. App'x 548 (2d Cir. 2003) (summary order). Further, in awarding attorneys' fees and costs as a sanction, a "defendant is not entitled to reimbursement for the fees and costs it would have incurred in the normal course of litigation, nor is it entitled to those which were not directly caused by plaintiff's sanctionable conduct." Tse v. UBS Fin. Servs., Inc., 568 F. Supp. 2d 274, 327 (S.D.N.Y. 2008); see Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178 (2017).

Agwuegbo makes two arguments for leniency, neither of which is persuasive.

First, Agwuegbo explains that Offor is destitute following her termination, and therefore asks this Court to "reject the calls for the imposition of Sanctions by the Attorney of the billionaire Defendant Corporation." Agwuegbo Decl. ¶¶ 12-14, 24; Pl.'s Sanctions Opp'n at 8-9. Offor's financial condition, however, is

irrelevant given that it is Agwuegbo, the attorney, not Offor, the client, who is sanctionable under Section 1927. See Oliveri v. Thompson, 803 F.2d 1265, 1273 (2d Cir. 1986).

Second, Agwuegbo, who represents Offor *pro bono*, "urges the Court to exercise its discretion in favor of the Plaintiff and refrain from awarding sanctions in this case against this Pro bono Attorney." Pl.'s Sanctions Opp'n at 9; see Agwuegbo Decl. ¶ 15. We decline to consider the fact that Agwuegbo is not being paid for representing Offor in considering the proper sanction for his misconduct. "Courts cannot be expected to base codes of proper conduct on whether, or how much, counsel is paid for his or her work. We think that a system which attempted to encourage lawyers to handle . . . cases *pro bono* by exempting them from the rules that other attorneys must follow would be not only unwise and unworkable, but perverse." Foster v. Mydas Assocs., Inc., 943 F.2d 139, 144 (1st Cir. 1991).

Despite clear warnings from two different courts, Agwuegbo indefensibly shirked the burden of seeking leave from this Court to seal pleadings he himself had filed, instead causing his adversary to seek leave by falsely representing that he would consent to their motion. But for Agwuegbo's misconduct and failure to meet his own responsibilities, the Mercy defendants would not have incurred the cost of moving, and later defending

17

their motion, to seal and redact plaintiff's pleadings in this Court. Accordingly, we direct Agwuegbo to compensate the Mercy defendants with $2,500 of the attorneys' fees they incurred in preparing and defending their motion to seal Offor's pleadings, "the minimum needed to deter [Agwuegbo's] conduct without over-punishing him." Pentagen Techs. Int'l, 172 F. Supp. 2d at 474.

### III. CONCLUSION

The Mercy defendants' motion for sanctions, Dkt. No. 51, is granted in part (as to Agwuegbo) and denied in part (as to Offor). Agwuegbo is directed to tender $2,500 to the Mercy defendants within fourteen days. The Clerk of the Court is directed to close this case.

Dated: New York, New York
July 10, 2018

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| <u>Counsel for plaintiff</u>: | Ike Agwuegbo |
| | Ike Agwuegbo & Co. |
| <u>Counsel for Mercy defendants</u>: | Christopher G. Gegwich |
| | Tony G. Dulgerian |
| | Nixon Peabody LLP |